UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FMS, INC., )
 )
 Plaintiff, )
 )
vs. ) 00 C 8143
 )
VOLVO CONSTRUCTION EQUIPMENT )
NORTH AMERICA, INC., )
 )
 Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the cross-motions of Plaintiff FMS, Inc. ("FMS") and Volvo Construction Equipment North America, Inc. ("Volvo") for summary judgment on the sole remaining count of the complaint. This count alleges violation of the Maine Franchise Laws for Power Equipment, Machinery, and Appliances ("Franchise Act"). 10 M.R.S.A. §§ 1361-70. For the reasons set forth below, both motions are denied.

## BACKGROUND

FMS is a former franchisor of Samsung construction equipment products, including excavators, within the state of Maine. In mid 1998, Volvo bought Samsung

and assumed its contractual obligations with FMS. In late 1999, after a significant amount of contact between the parties, Volvo notified FMS that it would terminate its franchise with FMS. FMS and six other dealers (from states other than Maine) filed suit in Arkansas state court in March 2000, alleging breach of contract and violations of various state franchise and trade practice laws. The case was removed to federal court in the Eastern District of Arkansas and then transferred to this court. After we entered summary judgment on the whole of the complaint, the parties appealed. The Seventh Circuit affirmed our decision save whether Volvo's actions with respect to FMS were done for good cause, as required by the Franchise Act. Cromeens, Holloman, Sibert, Inc. v. AB Volvo, 349 F.3d 376, 391 (7th Cir. 2003). Each party has now moved for summary judgment in its favor.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. Proc. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ.

Proc. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant," Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

When parties file cross motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. M. Snower & Co. v. United States, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action

if the court disagrees with that assessment. Miller v. LeSea Broadcasting, Inc., 87 F.3d 224, 230 (7th Cir. 1996). With these principles in mind, we turn to the parties' motions.

## DISCUSSION

In pertinent part, the Franchise Act prohibits a manufacturer from terminating a franchise relationship unless the manufacturer complies with specified notice requirements, acts in "good faith," and has "good cause" for the termination. The phrases "good faith" and "good cause" are terms of art defined within the Act. See 10 M.R.S.A. §§ 1361(7), 1363(3)(C). To act in "good faith," a manufacturer must display "honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." The statute goes on to enumerate what circumstances will constitute "good cause" for termination. Only one is pertinent to this case: good cause is found when the manufacturer discontinues production or distribution of the franchise goods.

The motion filed by FMS first argues that Volvo violated the Franchise Act because it acted arbitrarily, in bad faith, or unconscionably in its dealings with FMS from the acquisition of the Samsung product line through the franchise termination. As FMS notes, the descriptors it attaches to Volvo's behavior mandate that Volvo must have acted at random, without reason, in a shockingly unfair manner, dishonestly, or in contravention of the reasonable commercial standards of fair dealing in the trade.

See Darling's v. Ford Motor Co., 719 A.2d 111, 116 (Me. 1998). Volvo, for its part, has offered up various reasons for its actions that could, if proven to be true, show that it did act in good faith with respect to FMS. If we were dealing with this case with a clean slate, these issues would have been relevant, but the issue of Volvo's good faith is plainly not within the Seventh Circuit's mandate, and we are therefore foreclosed from considering it during this remand stage. See, e.g., Pearson v. Edgar, 153 F.3d 397, 405 (7th Cir. 1998).

The second basis that FMS puts forth is the flip side of Volvo's motion for summary judgment, focusing on Volvo's position that it discontinued production of the goods for which FMS had its franchise. According to Volvo, the Samsung excavators underwent a process referred to as "Volvoization," to prepare them to bear the Volvo brand name. Volvo insists that the excavators were so extensively altered during this process that they could no longer be considered a continuation of the prior product line. FMS disputes this conclusion, arguing instead that the "Volvoized" excavators were not so substantially different from the Samsung products as to have become an entirely different animal.

The sole contention that Volvo advances that could enable us to rule in its favor as a matter of law relies upon the attachment of the Volvo trademark to the improved machinery. They argue that this change, in and of itself, is substantial enough to

constitute an eradication of the existing product line. We disagree that the Lanham Act's restrictions on sale of trademarked goods translates into a discontinuation of a product line the moment that it is sold with a different brand attached to it.

Thus, the parties' dispute distills to a fight over how much the excavators really changed during "Volvoization" and whether the changes were so substantial as to permit a conclusion that the Samsung construction equipment line was discontinued within the meaning of the Franchise Act, giving Volvo the "good cause" required to allow the eventual termination of FMS's franchise. Clearly, this determination must be preceded by resolution of issues of fact, an endeavor we cannot take up on the present motions.

## CONCLUSION

Based on the foregoing, the parties' cross-motions for summary judgment are denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 2 0 2005