UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| FMS, INC., a Maine corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 8143 |
| | ) | |
| VOLVO CONSTRUCTION EQUIPMENT | ) | |
| NORTH AMERICA, INC., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |


## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the bill of costs of Defendant

Volvo Construction Equipment North America, Inc. ("Volvo"). For the reasons set

forth below, we award costs in the amount of $58,615.69.

### BACKGROUND

This case was initially filed in Arkansas state court but was removed to

federal district court in the Eastern District of Arkansas on grounds of diversity

jurisdiction. Shortly thereafter, it was transferred to this court. After extensive

pretrial proceedings, including a six-month discovery period, the case went to trial;

the jury returned a verdict and damage award of $2.1 million in favor of Plaintiff

FMS, Inc. Volvo appealed, and on April 16, the Seventh Circuit reversed the judgment and ordered entry of judgment in favor of Volvo. On May 18, Volvo filed the instant bill of costs pursuant to Fed. R. Civ. P. 54. The bill requests $60,169.69 for costs incurred from fees of the clerk, deposition and transcript costs, copying and exemplification costs, witness fees, costs assessed by the court of appeals and included in the mandate, and costs related to a supersedeas bond.

## LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) permits a court to tax costs other than attorneys' fees in favor of a prevailing party, who enjoys the presumption that costs will be awarded. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). Pursuant to 28 U.S.C. §1920, allowable costs include: fees of the court clerk, transcript fees, fees for printing and witnesses, fees for copying and exemplification of papers necessarily obtained for use in the case, docket fees, and compensation for court-appointed experts or interpreters. Fed. R. App. P. 39(e) further allows a district court to tax premiums paid for a supersedeas bond or other bond to preserve rights pending appeal and the fee for filing the notice of appeal. Finally, Fed. R. App. P. 39(d)(3) permits district courts to tax costs shown on the mandate of the court of appeals. When presented with a request to tax costs, a district court must

determine which costs sought by the prevailing party are allowable, reasonable, and necessary. *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

## DISCUSSION

The parties' submissions present two questions for resolution: whether the Bill of Costs was timely filed and whether the amounts requested are allowable, reasonable, and necessary. As timeliness is a threshold inquiry, we address it first.

FMS asserts that the bill of costs should be denied in its entirety because it was not filed within 14 days after entry of judgment. FMS contends that Fed. R. Civ. P. 54(d) and Fed. R. App. P. 39(d) both require a bill of costs be filed within 14 days. Fed. R. Civ. P. 54(d) and Fed. R. App. P. 39(d) establish a default 14-day timeframe; both rules allow for a different time to be set by court order. However, Local Rule 54.1 states that a bill of costs is to be filed within 30 days after judgment is entered. Local rules have the force of a court order. *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 729 (7th Cir. 1995). Therefore, in this situation, it is Local Rule 54.1, the equivalent of a court order, that establishes the operative deadline: 30 days.[1]

---

[1]FMS makes a baseless argument that because Volvo's motion contains two citations to a Local Rule 45 (which does not exist) rather than Local Rule 54.1, it cannot take advantage of the 30-day period set forth in the local rule. Although we do not encourage parties to be careless in citing to applicable rules or other authority, neither are we constrained from looking to the substance of a motion to determine what procedural rule applies if a party refers to the wrong rule. *See*, *e.g.*, *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (Fed. R. Civ. P. 60(b)) *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996) (Fed. R. Civ. P. 12). In this instance, it is apparent that Local Rule 54.1 applies; Volvo's failure to specifically invoke it does not foreclose the longer filing period from applying to its motion.

FMS alternatively contends that if 30 days is the applicable period, Volvo's motion was filed 32 days after judgment was entered, making it untimely even under the more generous period established by Local Rule 54.1. While it is true that 32 days elapsed between the entry of judgment and the filing of the bill of costs, the 30th day after judgment was entered was a Saturday. In such a circumstance, Fed. R. Civ. P. 6(a)(3) extended the deadline to the next business day, which was Monday, May 18, 2009. Volvo filed its bill of costs that day, and thus the filing was timely under Local Rule 54.1.

Since the bill of costs was timely filed, we turn to the merits of Volvo's requests. It seeks compensation for a total of $60,169.69 in costs incurred while defending this case. Though FMS did not raise any objections as to the itemized costs, it remains incumbent on the district court to determine which costs are allowable, reasonable, and necessary. *Soler*, 989 F.2d at 255.

## 1. Appellate Filing Fee

The first amount Volvo seeks is the $455.00 filing fee it paid to institute its appeal in the Seventh Circuit. Fed. R. App. P. 39(e)(4) provides for recovery of an appellate filing fee by a prevailing appellant. The amount is reasonable and necessary in that it is the amount required to institute an appellate case, and it is therefore awarded.

## 2.  Reporter and Transcript Fees

Next, Volvo requests reporter and transcript costs for the deposition of seven witnesses, which can be taxed under 28 U.S.C. § 1920(2).  Volvo seeks $1,722.24 for reporter fees and $4,427.44 in deposition transcript fees.  Both the reporter fees for the trial proceedings and the deposition transcript fees fall within the rate limits set by Judicial Conference and are therefore reasonable.  In addition, Volvo's papers explain that the group of seven individuals consisted of the parties' two respective experts, two witnesses who provided lay testimony for Volvo, and three witnesses who provided lay testimony in support of FMS.  Deposition of witnesses who will testify at trial is a necessary activity, resulting in necessary costs.  Consequently, Volvo is awarded $6,149.68 for reporter and transcript costs.

## 3.  Witness Fees and Expenses

The third component of Volvo's bill of costs asks for reimbursement of $960 in witness fees and $6,068.66 in witness expenses incurred at trial.  These fees and expenses are taxable under 28 U.S.C. § 1920(3), with further articulation of travel and per diem allotments in 28 U.S.C. § 1821.  Under 28 U.S.C. § 1821(b), a $40 per day attendance fee is taxable for each witness.  Volvo seeks witness fees for three witnesses for eight days of appearance at deposition or trial; 24 multiplied by $40 results in $960, the requested amount.  Consequently, that amount will be awarded.

With regard to trial witness expenses, 28 U.S.C. § 1821 allows for reasonable travel, lodging, and meals and incidental expenses (M&IE) based on a per diem allowance prescribed by the U.S. General Services Administration (GSA). Due to the timing of the trial, two different per diem rates are implicated. On or before November 19, 2006, the maximum amount permitted was $136 (excluding taxes) for lodging, $49 for M&IE for a full day of stay, and $36.75 for M&IE on the first and last days of a witness's stay. After November 19, 2006, the M&IE amounts changed to $64 for a full day and $48 for the first and last days.

Volvo seeks reimbursement for the fees of three witnesses: Randy Whitt, John Beckmann, and Melvin Douglas Gunn. For Whitt, $2,268.60 is requested for his flight, lodging, and M&IE expenses. However, a close examination of the amounts contained in the request reveals that two adjustments must be made. First, the amount Whitt spent on meals was included twice. Second, charges for use of the hotel internet and fitness center were included in Whitt's bills; such costs are neither allowed by statute nor necessary to the litigation. With these adjustments made, the resulting amount totals $2,045.44 for Randy Whitt's trial expenses, and that amount is awarded to Volvo.

For Beckmann, Volvo requests $1,214.57 for flight, lodging, and M&IE expenses. Similar to Whitt, Beckmann's bill includes use of the hotel telephone,

internet, and valet dry cleaning service. These items are neither allowed by statute

nor necessary to the litigation. Further, Beckmann's hotel rates exceeded the $136

per diem allowance. After these amounts are removed, the remainder of

Beckmann's expenses total $747.65; that amount is awarded.

Finally, for Gunn, Volvo requests $2,585.49 for flight, lodging, and M&IE

expenses. As was the case for Beckmann, Gunn's lodging expenses exceeded the

per diem allowance of $136. Once the appropriate lodging allowance is applied, the

result comes to $2,443.02, which is awarded to Volvo.

## 4. Exemplification and Copy Costs

Volvo's fourth request focuses on $1,406.05 incurred for exemplification and

copy costs. These types of costs are authorized by 28 U.S.C. § 1920(4). However,

Volvo has included costs in excess of that needed for run-of-the-mill multiple copies,

such as those required for color copies, specialty tabs, pre-printed tabs, and custom

tabs. Without an explanation as to why those additional services were required, they

cannot be determined to be either reasonable and necessary to the defense of the

case. After these amounts are deducted, the copying and exemplification amounts

reduce to $684.60, and that amount is awarded to Volvo.

## 5. Costs as Shown on Mandate of Court of Appeals

Next, Volvo seeks to recover $564.30 for costs incurred during appeal. On

April 9, 2009, the Seventh Circuit issued a mandate for costs in favor of Volvo in the

amount of $564.30. Costs stated in an appellate mandate are taxable in the district

court pursuant to Fed. R. App. P. 39(d)(3). Accordingly, Volvo is awarded $564.30

in appellate costs.

**6. Supersedeas Bond Premiums**

Finally, Volvo seeks $44,566.00 for premiums paid on a $2,228,250.03

supersedeas bond filed in connection with the appellate case. Fed. R. App. P.

39(e)(3) provides for costs incurred from supersedeas bond premiums to be taxed in

district court. Volvo is awarded $44,566.00 for premiums paid on the bond.

## CONCLUSION

Based on the foregoing analysis, Volvo is awarded $58,615.69 in costs.

Charles P. Kocoras
United States District Judge

Dated:   June 29, 2009